## Mitchell v. Beroes

C.P. of Allegheny County, no. GD 96-6274.

*Victoria Mitchell,* pro se.
*Pamela G. Cochenour,* for defendant.

FRIEDMAN, *J.,* January 20, 1999—

## INTRODUCTION

Plaintiff, acting pro se, has appealed from this court's order dated October 13, 1998, in which we entered summary judgment in favor of defendant Beroes and against plaintiff.[1]

Defendant Beroes' motion for summary judgment was filed relatively late in the case, by leave of the Honorable Bernard J. McGowan, also of this court,

---

1. The other defendant, Colburn-Bertholon-Rowland, had previously been dismissed from the case. Its preliminary objections were sustained and plaintiff's amended complaint was dismissed with respect to Colburn-Bertholon-Rowland, with prejudice, by order of the undersigned dated September 16, 1996. Although that 1996 order became appealable when the instant order was entered, no appeal was filed.

in an order dated August 12, 1998. Judge McGowan, in that same order, placed the motion for summary judgment on the October 13, 1998 argument list of the undersigned, and continued the case to the November trial list.

## PROCEDURAL HISTORY

This case was commenced by praecipe on April 24, 1996. In the complaint which she subsequently filed, plaintiff alleged that she and defendant Beroes had entered into an agreement by which Beroes was to provide plaintiff with legal representation in a matter in federal court. Plaintiff alleged that Beroes engaged in wrongdoing regarding plaintiff's federal case. The original complaint did not make any allegations against defendant Colburn.

Both of the defendants filed preliminary objections to plaintiff's original complaint. Plaintiff then, on July 8, 1996, filed an amended complaint which contained substantially similar allegations against defendant Beroes, and which identified defendant Colburn as malpractice carrier for Beroes but otherwise made no allegations against Colburn. Once again, both defendant Beroes and defendant Colburn filed preliminary objections.

This court sustained defendant Colburn's preliminary objections and dismissed the amended complaint as to it, with prejudice, by order dated September 16, 1998. We also, on that same date, overruled Beroes' preliminary objections, in an order quoted in full below:

"And now, September 16, 1996, upon consideration of the preliminary objections filed by and on behalf of Elizabeth A. Beroes, the same are hereby overruled, the amended complaint sounding in fraud only and not

legal malpractice. Defendant Beroes to file her answer within 40 days."

On October 28, 1996, defendant Beroes filed an answer, new matter and counterclaim. On November 19, 1996, plaintiff filed a reply to new matter and counterclaim. Defendant Beroes filed preliminary objections to plaintiff's reply to new matter and counterclaim, which contained the argument that the notice to plead in plaintiff's reply to new matter and counterclaim should be stricken, because the reply to new matter and counterclaim did not contain any new factual allegations which required a responsive pleading by defendant Beroes. That preliminary objection was sustained by the Honorable Joseph M. James of this court on February 19, 1997.

The case was placed at issue on March 3, 1997. It was then placed on the trial list for September 17, 1998. The plaintiff filed her pretrial statement on July 23, 1998. In her pretrial statement, plaintiff named the following witnesses to be called:

"Plaintiff intends to call all employees of the Beroes law firm. Thomas Halloran, senior deputy attorney general, office of the attorney general, Elizabeth A. Beroes, of Beroes law firm, and the associates of Elizabeth Beroes. Plaintiff Reserves The Right To Supplement This List To Prove Her Claim."

On August 12, 1998, defendant Beroes filed a motion for leave of court to file motion for summary judgment. As previously indicated, the basis for the motion was that the pretrial statement did not contain copies of any expert witness reports, did not identify any expert witnesses, and identified only two witnesses of any sort by name, and Judge McGowan granted defendant Beroes leave to file a motion for summary judgment, to be heard on the October 13, 1998 argument list.

He also continued the trial date for the case to the November trial list.

Defendant Beroes' motion for summary judgment was argued before the undersigned on October 13, 1998. We then entered the order appealed from, granting defendant Beroes' motion for summary judgment and entering judgment in favor of defendant Beroes and against plaintiff.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIM

The allegations against defendant Beroes in plaintiff's amended complaint are quoted below:

"(5) On or about August 1993, plaintiff and defendant entered into an agreement to [sic] which defendant agreed to provide full legal services from start through federal court. (See attachment.)

"(6) By order of court dated April 26, 1994 the [federal] court granted the summary judgment, the defendant did not inform plaintiff of the facts that the court had dismissed her case.

"(7) Throughout the time spring of 1994 through the end of December defendant continually advised plaintiff that her case was still pending and that she would have a court date.

"(8) The defendant Beroes did not inform plaintiff of October 1993 motion that was granted.

"(9) Throughout the time spring of 1994 through March 1995, defendant Beroes continu[ed] to request and receive payments for legal services not rendered.

"(10) Plaintiff Victoria Mitchell discovered included within her file documents relating to another client. (See attachment.)

"(11) The defendant Beroes did give a false statement of an offer of $10,000 for a settlement.

"(12) On or about April 1995, the defendant Beroes did in fact attempt to blackmail plaintiff, threatening to tell authority that she threatened the defendant and her children's life, also to tell about the plaintiff's tax returns, if the plaintiff tries to prosecute the defendant Beroes in any way.

"(13) The defendant Beroes did not advise plaintiff of her legal rights to consult with independent counsel prior to executing the agreement that contain a provision to waive her rights. (See attachment.)

"(14) Defendant Beroes did in fact deceive plaintiff from start to finish.

"(15) The defendant Beroes intentionally, knowingly, engaged in wrongdoing or in wrongful conduct or has otherwise acted improperly in violation of the law or regulation."

## ISSUE

The basis of defendant Beroes' motion for summary judgment was that the plaintiff was precluded from adducing at trial the expert evidence necessary to prove her claim because her pretrial statement did not identify any expert witnesses or provide copies of any expert reports and identified only two witnesses of any sort by name. The court agreed and granted defendant Beroes' motion for summary judgment.

Because of her noncompliance with the rules of court, plaintiff will be unable to prove that she suffered harm as a result of the conduct complained of. As to the most significant portion of alleged harm, the loss of her underlying case, plaintiff has produced no admissible expert testimony on the merits of that case. Expert testimony (of an attorney) is necessary to explain to the jury (1) why a timely appeal of the federal summary

judgment would have been successful, (2) why a trial in the underlying federal case would have resulted in a verdict in favor of plaintiff, and (3) the probable amount of such a verdict. As to the other items of alleged harm, there is also no evidence. Plaintiff cannot therefore make out *all* the elements of fraud, the only cause of action remaining in her amended complaint.

## DISCUSSION

Plaintiff claims that defendant Beroes acted fraudulently in four ways, first by not advising her of the entry of summary judgment against plaintiff in federal court; second, by demanding payment of a fee even though she lost plaintiff's case; third, by failing to advise plaintiff of a $10,000 offer of settlement; and fourth, by "blackmailing" plaintiff by making certain statements when plaintiff discharged her. It is well-settled that one of the elements of fraud is that the plaintiff has suffered damages as a result. It is also well-settled that expert testimony is necessary when a subject is beyond the knowledge or experience of an ordinary layperson. We therefore concluded that expert testimony was necessary here to show causation of the damages that occurred as a result of defendant's alleged fraudulent failure to advise plaintiff of entry of summary judgment against her. An expert would be needed to show that the Third Circuit Court of Appeals would have reversed Judge Diamond and to show that plaintiff would have prevailed on trial of the underlying federal court action.

At argument on the instant motion for summary judgment, plaintiff stated that she had an expert *psychiatrist* on damages. This is inadequate as well as untimely. She needs an expert on the law, which, plaintiff conceded at argument, she does not have.

With regard to the plaintiff's claim that defendant Beroes made a fraudulent demand for payment even though summary judgment was granted in the underlying case, the evidence submitted in support of defendant Beroes' motion shows that plaintiff admitted in her deposition that defendant's arrangement with her was for a flat fee of $2,000 and that she could not recall whether it was "win or lose." That testimony implies there was no promise of success and no promise not to charge if there was not a successful outcome. The fraudulent conduct complained of was a demand for payment made with knowledge that plaintiff had lost her case. Since there is no evidence that payment of defendant's fee was waived if plaintiff lost, there is no evidence of improper conduct, much less of harm caused by such conduct.

With regard to defendant's alleged failure to advise plaintiff of the $10,000 settlement offer, plaintiff admitted in her deposition that she would not have accepted such an offer, and that she wanted $300,000 to $500,000. There is therefore no evidence of harm to plaintiff resulting from this allegedly negligent act.

Lastly, regarding the allegations of blackmail by defendant, these are irrelevant as, if true, the evidence indicates they occurred while plaintiff was discharging defendant. Plaintiff has not even attempted to *plead* harm resulting from this supposed conduct. There is certainly no evidence to *prove* harm.

## CONCLUSION

Defendant Beroes' motion for summary judgment was properly granted.